**COHEN TAUBER SPIEVACK & WAGNER LLP**
*Attorneys for William Kaye, as Collateral Trustee*

420 Lexington Avenue, Suite 2400
New York, New York 10170
Voice: (212) 586-5800
Fax:   (212) 586-5095
   Robert A. Boghosian (RB-5822)
   Joseph M. Vann (JV-7601)



## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | |
|---|---|
| In re:<br><br>Friedman's Inc., et al.,<br><br>                         Debtors. | Case No. 05-40129<br><br>Chapter 11<br>Jointly Administered<br><br>Hon. Lamar W. Davis, Jr. |

### LIMITED OBJECTION OF THE COLLATERAL TRUSTEE TO THE MOTION
### TO APPROVE A SETTLEMENT WITH JEWELRY INVESTORS II, L.L.C.

William Kaye, the Collateral Trustee (the "Collateral Trustee") pursuant to that certain Collateral Trust Agreement, dated September 8, 2004, among Friedman's Inc. and other identified parties, as grantors, and William Kaye, as Collateral Trustee (the "Collateral Trust Agreement"), as and for his Limited Objection (the "Limited Objection") to the Motion, dated June 10, 2005 (the "Motion"), to approve a settlement with Jewelry Investors, II, L.L.C., respectfully states as follows:

### Summary of Requested Relief

1.     Friedman's Inc. and certain of its subsidiaries and affiliates (collectively, the "Debtors") have requested that this Court approve a multi-party agreement among Jewelry Investors II, L.L.C. ("JI"), Harbert Distressed Investment Master Fund Ltd. ("Harbert"), the Official Committee of Unsecured Creditors (the "Committee") and the Debtors.

1

2. In connection with the Motion, the Debtors seek entry of a proposed order (the "Proposed Order"), which provides in paragraph 5 as follows:

> Pursuant to the terms of the Settlement Agreement, no transfers of any claims subject to the Vendor Lien Program shall be effective unless the parties to such assignment and Jewelry Investors exchange mutual releases consistent with the releases granted by the Debtor Releasors to the Jewelry Investors Releasees as set forth in the Settlement Agreement.

3. The Collateral Trustee respectfully submits that paragraph 5 of the Proposed Order conflicts with, and impermissibly amends, the proposed Settlement Agreement annexed to the Motion as well as the Collateral Trust Agreement and certain related documents, and therefore the Proposed Order in its present form is objectionable. The Collateral Trustee respectfully submits that the proposed Order should be modified as set forth herein.

## Limited Objection

4. By the Motion, the Debtors request that the Bankruptcy Court approve a settlement of the remaining claims of JI, one of Friedman's pre-bankruptcy senior lenders. Upon information and belief, the Official Committee of Unsecured Creditors supports the settlement.

5. Paragraph 4(I) of the Settlement Agreement provides as follows:

> Neither Harbert nor its affiliates shall accept an assignment of any claims subject to the Vendor Program unless the parties to such assignment and Jewelry Investors exchange mutual releases consistent with the releases given herein. The Debtors shall not consent to the assignment of any other claims subject to the Vendor Program not subject to the Consent Motion Order unless the parties to such assignment and Jewelry Investors exchange mutual releases consistent with the releases given herein.

6.      Paragraph 4(l) reflects an apparent agreement by the Debtors that they will not consent to assignments of claims secured by the Trade Creditor Lien (as defined in the Collateral Trust Agreement) absent certain releases being exchanged. The Collateral Trustee does not object to Paragraph 4(l) of the Settlement Agreement, as it does not appear to offend the terms of the Collateral Trust Agreement and related Secured Trade Creditor Program documents (including the Security Agreement, dated September 8, 2004).

7.      However, Paragraph 5 of the Proposed Order departs from Paragraph 4(l) and could be construed as a unilateral, albeit slight, modification of the assignment provisions of the Security Agreement and related documents. It would be entirely inappropriate for an Order entered in connection with a proposed Settlement Agreement (to which the Secured Trade Creditors and the Collateral Trustee are not party) to effect such a modification to the Secured Trade Creditor Documents, particularly when the proposed Settlement Agreement by its own terms does not even mandate such broad relief.

8.      The Collateral Trustee respectfully submits that paragraph 5 of the Proposed Order should be modified in its entirety as follows: "Without limiting the foregoing general approval of the Settlement Agreement, Paragraph 4(l) of the Settlement Agreement is hereby expressly approved."

9.      Alternatively, Paragraph 5 of the proposed Order should be deleted in its entirety and Paragraph 1 of the Proposed Order should be modified in its entirety as follows: "The Motion is hereby granted and the Settlement Agreement is hereby approved in all respects."

3

10. If either of these minor changes are made to the proposed Order prior to its entry (each being more consistent with the terms of the Settlement Agreement than the present proposed Order), the Collateral Trustee's limited objection as set forth herein may be deemed adequately addressed and withdrawn.

Wherefore, the Collateral Trustee respectfully requests that the Proposed Order be modified consistent with this Limited Objection.

Dated:  New York, New York
        June 28, 2005

    **COHEN TAUBER SPIEVACK & WAGNER LLP**
    *Attorneys for the Collateral Trustee and the Trust Board*

    By:_____
     Robert A. Boghosian, Esq.
     Joseph Vann, Esq.
     Ira R. Abel, Esq.
    420 Lexington Avenue, Suite 2400
    New York, New York 10170
    Voice:   (212) 586-5800
    Fax:     (212) 586-5095

     And

    **LAW OFFICES OF SKIP JENNINGS P.C**
    *Local Counsel for the Collateral Trustee and the Trust Board*

    By:_____
     Skip Jennings Esq. (GA Bar Id No. 391-060)
    115 West Oglethorpe Ave
    Savannah, Georgia 31401
    Voice:   (912) 234-6872
    Fax:     (912) 236-7549

TO:  ATTACHED SERVICE LIST

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FRIEDMAN'S, INC., et al. | ) | CHAPTER 11 |
| | Debtor | ) | CASE NO.: 05-40129-LWD |
| | | ) | Jointly Administered |

### CERTIFICATE OF SERVICE

I, Richard C.E. Jennings, certify that I have served a copy of the **LIMITED OBJECTION OF THE COLLATERAL TRUSTEE TO THE MOTION TO APPROVE A SETTLEMENT WITH JEWELRY INVESTORS II, L.L.C.** on persons listed on the attached Exhibit "A" by depositing a copy of same in the United States mail with the addresses being listed below and sufficient postage affixed thereto or by hand.

THIS 28th day of June, 2005.

_____
Richard C.E. Jennings
State Bar # 391060
Local Counsel for Collateral Trustee

Law Offices of
Skip Jennings, P.C.
115 West Oglethorpe Avenue
Savannah, Georgia 31401
912-234-6872

Kathleen Horne, Esq.
Dolly Chisholm, Esq.
Matthew E. Mills, Esq.
Inglesby, Falligant, Horne,
Courington & Chisholm
P.O. Box 1368
Savannah, Georgia 31402-1368

Glenn B. Rice
Scott L. Hazan
Peter L. Feldman
Harris J. Diamond
Jennifer S. Feeney
Otterbourg, Steindler, Houston & Rosen, P.C.
C. Steven230 Park Avenue, 29th Floor
C.New York, New York 10169


David M. Feldman and Amy Feldman
Kramer Levin Naftali and Frankel
919 Third Ave.
New York, NY 10022


Laurel Payne Landon
Kilpatric Stockton, LLP
Suite 1400 Wachovia Bank Bldg.
699 Broad Street
Augusta, Ga. 30901-1453

Linda D. Sartin
Matthew J. Wrysinski
Rebecca Winthrop
Jenkens and Gilchrist
55 S Lake Street, Suit 650
Pasadena, CA 91101

Paul Basta
Morgan Bale
Robert Lemons
Weil Gotshal and Manges
767 Fifth Ave.
New York, NY 10153

James P. Smith
Arnall Golden Gregory
201 Second Street, Suite 1000
Macon, Ga. 31201


Robert K. Imperial
Hunter, Maclean, Exley & Dunn
200 East Saint Julian St.
Savannah, Ga. 31401


Mark Bulovic
McCallar Law Firm
115 W. Oglethorpe Ave.
Savannah, Ga. 31401

John Wm. Butler, Jr., Esq.
George N. Panagakis, Esq.
Timothy P. Olson, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
333 West Wacker Drive, Suite 2100
Chicago, IL 60606



B. Amon James
U.S. Trustee's Office
222 West Oglethorpe Avenue
Suite 302
Savannah, Georgia 31401



C. Steven Moore
Friedman's Inc
171 Crossroads Pkwy
Savannah, Ga. 31422



Joseph M. Vann
Robert A. Boghosian
Cohen Tauber Spievack and Wagner
420 Lexington Ave., Suite 2400
New York, NY 10170


Sal Lobiondo
Charles Carmaval
Kroll Zolfo Cooper
900 3rd Ave.
New York, NY 10022


William Q. Derrough
Jefferies and Company
520 Madison Ave., 12th Floor
New York, NY 10022


Lance Croffoot
Suede Ward Atterbury
Joseph Mack
White and Case
1155 6th Ave.
New York, JY 10036


Michael Henry Smith
Reynolds Robin Smith and Weiss
313 W. Broughton St.
Savannah, Ga. 31401

David Adams
Ellis, Painter, Ratterree & Adams, LLP
P.O. Box 9946
2 E. Bryan Street
10th Floor
Savannah, Georgia 31412



Chris Schepper
Kurtzman Carson Consultants, LLC
12910 Culver Blvd.
Suite 1
Los Angeles, CA 90066-7066


Lee R. Bogdanoff
Martin R. Barash
Klee Tuchin Bogdanoff and Stern
2121 Avenue of the Stars
Fox Plaza 33rd Fl.
Los Angeles, CA 90067-5061


Delora Kennebrew
Assistant U.S. Attorney
Southern District of Georgia
100 Bull Street
Savannah, Ga. 31401


C. Edward Dobbs
W. Kevin Snyder
Harrison Roberts
Parker Hudson Rainer and Dobbs
1500 Marquis Two Tower
Center Ave., NE, Atlanta, Ga. 30303

Carroll E. Combs Jr.
Mike Elliott
Gemini Realty Advisors
114 Ave. of the Americas, 26 Floor
The Grace Bld.
New York, NY 10036


Katten Muchin Zavis Rosenman
c/o Thomas J. Leanse and Dustin '. Branch
2029 Century ark East Suite 2600
Los Angeles, CA 90067-301

EXHIBIT A