# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

FILED
at  2  O'clock &  46  min  P  M
Date  1/25/06

United States Bankruptcy Court
Savannah, Georgia

In the matter of:  )
 )
FRIEDMAN'S, INC., et al.  )
 )
 )
Debtor  )

Chapter 11 Case  MAH
Jointly Administered
Number 05-40129

### ORDER ON ERNST & YOUNG LLP AND KRIS SPAIN'S MOTION FOR A STAY OF THIS COURT'S DECEMBER 15, 2005 ORDER

Pursuant to Federal Rule of Bankruptcy Procedure 8005, Ernst & Young LLP and Kris Spain (collectively "E&Y") moved for a stay of the enforcement of this Court's December 15, 2005, "Order on Motions to Compel Discovery and For Protective Order Filed Respectively by Friedman's, Inc., et al. and Ernst & Young LLP" (the "December 15 Order"). *See* Dckt. No. 1408 (December 15, 2005). Under Rule 8005, a motion for a stay pending appeal must ordinarily be first presented to the bankruptcy court that rendered the contested judgment, order, or decree.

### DISCUSSION

#### *STANDARD FOR RULE 8005 RELIEF*

The standard for the grant of a stay pending appeal under Rule 8005 is the same as that governing the grant of an injunction. To obtain this relief, the moving party

must establish all four of the following criteria: "(1) the strong likelihood of success on the merits of the appeal; (2) that the movant will suffer irreparable injury if the [stay] is denied; (3) that no substantial harm will be suffered by others if the stay is granted; and (4) what the harm to the public interest, if implicated, is." In re Advanced Mining Sys., Inc., 173 B.R. 467, 468 (S.D.N.Y. 1994)(citations omitted). The first factor is generally considered the most important factor in this analysis. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1232 (11th Cir. 2005). The "success on the merits" showing that a moving party must make will vary according to the court's assessment of the other factors. Id. In other words, where the "balance of the equities weighs heavily in favor of granting the injunction, the movant need only show a substantial case on the merits." Id. (citations omitted).

### IRREPARABLE INJURY TO E&Y

E&Y contends that compliance with the December 15 Order will render its appeal moot, and as a result, it will suffer irreparable injury. Dckt. No. 1419, p. 3 (December 23, 2005). It is concerned that compliance would allow Friedman's to use such documents in any subsequent litigation. Finally, if claims are eventually asserted against it, E&Y argues that it would not receive the benefit of broad discovery granted to Friedman's under Rule 2004 but would be subject to the stricter discovery limitations of arbitration. To the contrary, compliance with the December 15 Order would not render E&Y's appeal moot. If the December 15 Order is reversed on appeal, Friedman's use of the disclosed documents or

2

information would remain an open question. *See, e.g.*, <u>Church of Scientology of Cal. v. U.S.</u>, 506 U.S. 9, 12-13, 113 S.Ct. 447, 450, 121 L.Ed.2d 313 (1992)(concluding that a taxpayer's compliance with an IRS summons by producing tape recordings does not render an appeal of the summons moot since a court could fashion some form of meaningful relief in such circumstances); <u>In re Club Associates</u>, 956 F.2d 1065, 1069 (11th Cir. 1992)("Central to a finding of mootness is a determination by an appellate court that it cannot grant effective judicial relief."). Moreover, even if the issue of scope of discovery is rendered moot, it does not follow that E&Y would suffer irreparable injury. *See* <u>Acton v. Fullmer (In re Fullmer)</u>, 323 B.R. 287, 304 (Bankr. D. Nev. 2005)("Although the issue is not free from doubt, the majority of cases that have considered the issue have held that the risk that an appeal may become moot does not by itself constitute irreparable injury."). Discovery and admissibility are two entirely distinct issues. E&Y cannot suffer irreparable injury as the result of discovery of the material that it fears to produce. It is only if that material is later the evidentiary basis of an adverse ruling that E&Y could suffer harm, but the question of admissibility is not yet in issue.

*IRREPARABLE INJURY TO OTHER PARTIES*

E&Y asserts that a stay pending an appeal of the December 15 Order will not result in irreparable harm to other interested parties. Dckt. No. 1419, p. 4 (December 23, 2005). However, as described in the December 15 Order, unsecured creditors voted for

Friedman's Plan of Reorganization with the belief and expectation that any distribution that they would receive under the Plan would be made solely from recoveries on Friedman's pre-petition claims and causes of action. Unsecured creditors will continue to receive absolutely nothing under the Plan unless and until these claims and causes of action are fully pursued. The longer that they are not pursued, the longer unsecured creditors have to wait to receive a distribution under the Plan. A stay pending an appeal of the December 15 Order will directly delay the pursuit of these claims and causes of action. As a result, this delay would cause further harm to Friedman's unsecured creditors. *See* In re Metiom, Inc., 318 B.R. 263, 272 (S.D.N.Y. 2004)(noting that because the appeal of a Rule 2004 order was a primary factor in delaying distribution to the debtor's creditors, a stay pending the appeal would directly cause additional delay and therefore harm to the creditors). Delay has further harmful effects, including the possibility that witnesses may forget or become difficult to locate and evidence may be lost. Injury to other parties is a clear risk. *See* Skrtich v. Thornton, 280 F.3d 1295, 1307 n.12 (11th Cir. 2002)(noting that a delay in the resolution of a legal issue can disadvantage a party as "[w]itnesses may become unavailable, memories may fade, attorneys fees and costs accumulate, and a deserving plaintiff's recovery may be delayed").

## *PUBLIC INTEREST*

Finally, E&Y claims that the public interest would be served by the grant

of a stay pending an appeal of the December 15 Order. Dckt. No. 1419, p. 4 (December 23, 2005). E&Y disregards the public's strong interest in the "expeditious administration of bankruptcy cases which is impaired by obstructing a trustee's efforts to collect, liquidate and distribute assets to creditors of the estate." In re Metiom, 318 B.R. at 272 (citations omitted). The public has a strong interest in an effective bankruptcy process that preserves assets that may be used to make fair and efficient distributions to creditors. See Cunard S.S. Co. Ltd. v. Salen Reefer Services AB, 773 F.2d 452, 459 (2d Cir. 1985). Permitting a stay pending an appeal of the December 15 Order would further delay the potential distribution of assets to unsecured creditors and therefore frustrate the public's interest in an efficient bankruptcy system that meets the reasonable expectations of participating creditors.

## CONCLUSION

Because a balancing of the last three factors weighs against the granting of E&Y's Rule 8005 motion, E&Y bears the heightened burden to demonstrate a "substantial likelihood" of success on the merits of its appeal of the December 15 Order. This Court has reviewed the December 15 Order, reexamined the issues contained therein, and determines that its conclusions were correct.[1] In light of the fact that the balance of the equities weighs

---

[1] Although not expressly discussed in the December 15 Order, I have also reviewed E&Y's contention that this Court lacks jurisdiction post-confirmation to enforce Rule 2004. E&Y's authorities for this proposition are clearly distinguishable from the present case, where the reservation of jurisdiction is an essential element to confirm the Plan and to implement the investigation and recovery of estate assets. See In re Express One Int'l, Inc., 217 B.R. 215, 216-17 (Bankr. E.D. Tex. 1998)(noting that Rule 2004 examinations may be used post-confirmation when they are restricted to the administration of the case post-confirmation).

5

AO 72A
(Rev. 8/82)

against it, E&Y must show more than a "substantial case" on the merits. It must show a "strong likelihood of success," and this it has not done. Therefore, E&Y has failed to establish the four conditions necessary to a stay under Rule 8005.

## ORDER

Pursuant to the foregoing, IT IS THE ORDER OF THIS COURT that E&Y's motion for Rule 8005 relief is DENIED.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia
This 25th day of January, 2006.

AO 72A
(Rev. 8/82)