## In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

FILED at 9 O'clock & 00 min A M Date 2/3/06
United States Bankruptcy Court
Savannah, Georgia

| | |
|---|---|
| In the matter of: ) | |
| ) | Chapter 11 Case |
| FRIEDMAN'S, INC., et al. ) | |
| ) | Jointly Administered |
| *Debtors* ) | Number <u>05-40129</u> |

### ORDER ON ERNST & YOUNG LLP AND
### MICHAEL MCCARTHY'S MOTION IN OPPOSITION
### TO RULE 2004 EXAMINATION AND FOR A PROTECTIVE ORDER

On November 17, 2005, Friedman's, Inc. and its related debtors (collectively "Friedman's") served a subpoena on Ernst & Young LLP ("E&Y") and Michael McCarthy ("McCarthy"), a former Senior Manager with E&Y, pursuant to Federal Rule of Bankruptcy Procedure 2004 (the "November 17 subpoena"). On December 6, 2005, E&Y and McCarthy moved for a protective order quashing the November 17 subpoena. Dckt. No. 1387 (December 6, 2005).

### *DISCUSSION*

In their first argument for a protective order, E&Y and McCarthy reasserted the arguments set forth in E&Y's Memorandum in Support of Ernst & Young's Opposition to Rule 2004 Examination and Motion for Protective Order (the "October 21 Memorandum"). *See* Dckt. No. 1180, Exh. 2 (October 21, 2005). To the extent that the arguments contained in the October 21 Memorandum have been addressed by this Court's

AO 72A
(Rev. 8/82)

December 15, 2005 Order on Motions to Compel Discovery and For Protective Order Filed Respectively by Friedman's, Inc., et al. and Ernst & Young LLP, those arguments are overruled. *See* Dckt. No. 1408 (December 15, 2005).

In their second argument for a protective order, E&Y and McCarthy contend that this Court lacks the post-confirmation jurisdiction to enforce the November 17 subpoena. *See* Dckt. No. 1388 (December 6, 2005). Pursuant to this Court's order confirming Friedman's First Amended Joint Plan of Reorganization (the "Confirmation Order"), a Creditor Trust was created to pursue Friedman's potential pre-petition claims on behalf of unsecured creditors. *See* Dckt. No. 1338 (November 23, 2005). To investigate and pursue these claims, the Trustee was empowered to enforce subpoenas issued by Friedman's pursuant to Rule 2004. E&Y and McCarthy contend that this Court's enforcement of the November 17 subpoena goes beyond the proper scope of its post-confirmation jurisdiction.

Upon the confirmation of Friedman's Plan, this Court retained jurisdiction over issues concerning the execution and implementation of that Plan. *See* Zahn Associates, Inc. v. Leeds Bldg. Products, Inc. (In re Leeds Bldg. Products, Inc.), 160 B.R. 689, 691 (Bankr. N.D. Ga. 1993)(noting that a bankruptcy court's post-confirmation jurisdiction extends to "matters involving the execution, implementation, or interpretation of the plan's provisions, and to disputes requiring the application of bankruptcy law"). In the Confirmation Order, this Court expressly reserved jurisdiction to enforce those Rule 2004 subpoenas that were issued prior to the confirmation of the Plan. Dckt No. 1338, p. 46-47

(November 23, 2005). Furthermore, the November 17 subpoena is an essential element to the confirmation and execution of the Plan. Friedman's unsecured creditors voted overwhelmingly in favor of the Plan with the expectation that their distributions would come from the aggressive, professional, and successful pursuit of these claims by the Creditor Trust. Therefore, the November 17 subpoena is pivotal in implementing the Plan's terms and conducting the investigation and recovery of assets by the Creditor Trust. *See* In re Express One Int'l, Inc., 217 B.R. 215, 216-17 (Bankr. E.D. Tex. 1998)(noting that Rule 2004 examinations may be used post-confirmation when they are restricted to the administration of the case post-confirmation). Because the November 17 subpoena is necessary to the execution and implementation of the Plan, this Court retains the post-confirmation jurisdiction to enforce it.

## ORDER

Pursuant to the foregoing, Ernst & Young LLP and Michael McCarthy's Motion in Opposition to Rule 2004 Examination and for a Protective Order is DENIED.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia
This 2nd day of January, 2006.

AO 72A
(Rev. 8/82)

3